UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>RICHARD LAWRENCE STROHMETZ,<br><br>                    Defendant. | Case No. 2:13-CR-271-KJD-CWH<br><br>ORDER |

Before the Court is Defendant Strohmetz's ("Strohmetz") Motion for Psychiatric Evaluation to Determine Competency to Stand Trial (#57). The Court resolved this motion in its prior order (#62), but reserved the question of a competency hearing pending the psychiatric evaluation and report. The evaluation has now been filed (#67) and Strohmetz has responded to the evaluation (#66).

I. Legal Standard

When a defendant has moved for a hearing to determine the mental competency of the defendant to stand trial

> "[t]he court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

18 U.S.C. § 4241(a).

///

II. Analysis

    A. Competency

As Defendant aptly summarized: "The report basically says that Mr. Strohmetz is competent and that his issues in discussing or understanding his case are due to depression, anxiety and defiance to the situation." (#66 at 2). In short, there is "no concern regarding [Strohmetz's] competency." (#67 at 9). Having fully reviewed the psychiatric report, the Court finds that there is no reasonable cause to believe that Strohmetz is incompetent for the purposes of 18 U.S.C. § 4241(a). Accordingly, the motion for a competency hearing (#57) is denied.

    B. Competency Revisited

Counsel asserts that "there may still be a physical medical issue preventing Mr. Strohmetz from being competent to stand trial." (#66 at 2). However, as noted in the report, there is no record of any physician finding any physical or neurological impairments. (#67 at 8). Further, Dr. Roitman's examination revealed no concerns of any sort regarding Strohmetz's competency. Strohmetz has failed to provide any substantiating evidence of physical issues which would negatively impact his competency to stand trial. Accordingly, there is no "reasonable cause" to believe Strohmetz is incompetent.

    C. CAT Scan

Not only is the record devoid of any physical or neurological impairments, but "[t]here is nothing neuroimaging would do to focus his treatment or improve his prognosis even if there was . . . [an] injury. Brain scans would do nothing to improve his health or influence the court process related to his charges." (#67 at 8). The Court agrees.

///
///
///
///
///

III. Conclusion

In accordance with the above analysis, the Court **HEREBY DENIES** Strohmetz's motion for a competency hearing on either psychological or physical grounds (##57, 66). The Court **FURTHER DENIES** Strohmetz's motion for a CAT scan (#66) for the reasons noted above.

DATED this 3rd day of September 2014.

_____
Kent J. Dawson
United States District Judge

3