UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                    Respondent/Plaintiff,<br>v.<br>RICHARD STROHMETZ,<br>                    Petitioner/Defendant. | Case No. 2:13-cr-00271-KJD-CWH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ORDER REDUCING SENTENCE OR MODIFYING JUDGMENT** |

Before the Court is Defendant's Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582(c)(1)(A)(i) and Authorizing any Remaining Portion of His Sentence to be Served on Home Confinement (#110/112). Respondent responded in opposition (#115) to which Defendant replied (#116).

I.   Factual and Procedural Background

Defendant Richard Strohmetz ("Strohmetz") is currently serving a 151-month sentence in federal prison. (#112, at 2). Strohmetz has spent most of his life in and out of prison. In 1999, he committed conspiracy to commit theft, his first felony offense. (#115, at 3). In 2000, Strohmetz robbed his first bank. Id. Eventually Strohmetz pleaded guilty to robbing three banks in Pennsylvania and was sentenced to 54 months' imprisonment and three years of supervised release. Id. In August 2004, Strohmetz was released from Bureau of Prisons ("BOP") custody and while on supervised release, robbed two more banks in Pennsylvania. Id. Strohmetz pleaded guilty and was sentenced to 72 months' imprisonment and five years of supervised release. Id. Additionally, Strohmetz's supervised release from his 2000 conviction was revoked and he was sentenced to another 15 months' imprisonment consecutive to his 2006 conviction. Id. at 3–4. In December 2011, Strohmetz was released from BOP custody and his supervised release was transferred to the Western District of Washington. Id. at 4. From March 2013 through May 2013,

again while on supervised release, Strohmetz committed the crimes that led to his current sentence. Id. Strohmetz robbed four banks in Washington.[1] Id. While escaping from one of the robberies, Strohmetz carjacked a couple's car, threw the driver to the ground after he resisted, and ordered the passenger to abandon the vehicle. Id. He then used the stolen car to commit other robberies before leaving Washington. Id. Strohmetz arrived in Nevada and robbed two more banks. Id. While fleeing the scene of the second robbery, Strohmetz attempted to steal a car with three children inside, but was thwarted and ran away on foot. Id. In April 2015, Strohmetz pleaded guilty to a six-count Superseding Information that charged him with Bank Robbery in violation of 18 U.S.C. § 2113(A). Id.

Strohmetz has previously filed a motion to vacate under 28 U.S.C. § 2255. Id. at 5. The Court granted one claim of ineffective assistance of counsel, vacated the judgment, and reissued the same judgment. Id. The Court now considers Strohmetz's *pro se* motion for compassionate release filed before being appointed counsel, and the similar motion filed with the assistance of counsel. Id.

II.     Legal Standard

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[1] Along with robbing the banks, Strohmetz's Presentence Investigation Report indicates that he had bench warrants issued for his arrest for two charges of robbery in the first degree in the Superior Courts of Washington for King and Pierce Counties. According to the report, the warrants remained outstanding at the time of its completion.

Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the court must find "extraordinary and compelling reasons" to release a defendant from BOP custody in a policy statement. Id.

III.    Analysis

Strohmetz did not exhaust his administrative remedies with the BOP. A major disagreement between the parties is whether the Court can waive Strohmetz's failure to exhaust those administrative remedies. Additionally, Strohmetz argues that the exhaustion requirement is not jurisdictional and therefore can be waived, that the legislative history of the Comprehensive Crime Control Act indicates that courts are meant to have control to reduce sentences, not the BOP, and that special circumstances warrant the waiving of exhaustion. The government argues that the exhaustion requirement is jurisdictional and cannot be waived, that the Court does not have authority to order Strohmetz to serve his sentence at home, that Strohmetz is at no more risk in the BOP facility than he would be in Las Vegas, and he poses a danger to the public if he were to be released.

The question of waiving the exhausting of administrative remedies has been raised many times in the Ninth Circuit. District courts in the circuit "have near unanimously concluded that failure to exhaust administrative remedies is fatal to a compassionate release petition even in light of the urgency created by COVID-19." United States v. Fuller, 2020 WL 1847751, *2 (W.D. Wash. Apr. 13, 2020); see also United States v. Route, 458 F.Supp.3d 1285, 1288 (W.D. Wash. Apr. 29, 2020) (collecting cases). Strohmetz's failure to exhaust his administrative remedies bars him from seeking relief in this Court. The circumstances of "COVID-19 do[] not extinguish the 30-day exhaustion requirement." Route, 458 F.Supp.3d at 1288.

Additionally, Strohmetz has not met his burden to show he is not a danger to the community. When considering dangerousness, the Court is guided by the sentencing factor

- 3 -

1  focusing on "the need for the sentence imposed . . . to protect the public from further crimes of
2  the defendant." 18 U.S.C. § 3553(a)(2)(C). The Court also considers the Sentencing Guidelines
3  policy statement that before reducing a term of imprisonment the court should ensure "defendant
4  is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §
5  3142(g)[.]" Considering the relevant factors, Strohmetz cannot prove he is not a danger to the
6  community. Strohmetz has shown time and again that he is a danger to society by committing
7  felonies shortly after his release from prison. Supervised release appears to mean nothing to
8  Strohmetz.

9  To show he is no longer a danger to the public, Strohmetz argues that his previous crimes
10 were a result of his past drug addiction. Strohmetz argues that he is now sober and older, and
11 therefore not a danger. However, prior to his most recent bank robberies, Strohmetz had
12 completed Alcoholics and Narcotics Anonymous courses as well as a BOP drug program. Life
13 circumstances common to many people (loss of employment and an injury) led Strohmetz once
14 again to drugs and crime, including the attempted carjacking of a vehicle with three young
15 children inside. Strohmetz's crimes have gradually become more and more serious, from retail
16 theft in Pennsylvania to carjacking and bank robbery using threats of violence. Drug and alcohol
17 abuse programs, prison stays, and supervised release have not deterred his criminal actions.
18 Strohmetz cannot show that he is no longer a danger to the public and his motion is denied.

19 Finally, Strohmetz does not appear to be any more protected from illness confined in his
20 home than he is currently. At the time of this writing, FCI Beckley, the facility in which
21 Strohmetz resides, reports that only 18 inmates and 23 staff members are currently positive for
22 COVID-19 and all prior positive cases have recovered with no deaths reported. FEDERAL
23 BUREAU OF PRISONS, bop.gov/coronavirus/ (last visited Jan. 13, 2021). While there is a risk that
24 Strohmetz could contract the virus in prison, with the widespread advance of community
25 transmission cases in Las Vegas, it does not appear that Strohmetz is any safer on supervised
26 release than in his present situation.

27 Because Strohmetz failed to exhaust his administrative remedies, cannot prove he is no
28 longer a danger to the public, and is in a facility with no deaths and few COVID-19 cases, his

- 4 -

petition must be denied.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Order Reducing Sentence or Modifying Judgment (#110/112) is **DENIED**.

Dated this 14th day of January, 2021.

                                                  Kent J. Dawson
United States District Judge